UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANE D. BORTNER, | ) | CASE NO.: 3:08CV2615 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| Ed Sheldon, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Shane Bortner. Upon due consideration, the Court overrules Bortner's objections. The Court adopts the recommendation of the Report and the petition is hereby DENIED.

**I.      Facts**

On September 14, 2006, Bortner was indicted on five counts of sexual battery in violation of Ohio Revised Code § 2907.03. On December 29, 2006, Bortner pleaded no contest to three of the counts in the indictment and was found guilty of those counts by the trial court. On February 13, 2007, Bortner was sentenced to three years on each count to be served consecutively for an aggregate sentence of nine years.

Following the exhaustion of his state court proceedings, Bortner filed this petition on

1

October 31, 2008. The matter was referred to Magistrate Judge George Limbert. In his petition, Bortner asserted three grounds for relief. In each ground, Bortner alleged that his trial counsel was ineffective. In ground one, Bortner asserted his counsel was ineffective for failing to move to suppress video tapes that allegedly belonged to Bortner. In ground two, Bortner asserted that counsel was ineffective for failing to move to suppress the illegal fruits that resulted from the seizure of the video tapes. In his final ground, Bortner contends that his right to effective assistance of counsel was violated because his defense counsel was operating under a conflict of interest. On August 13, 2009, Magistrate Judge Limbert issued a Report & Recommendation finding no merit in the petition. On September 17, 2009, Bortner objected to the Report. The Court now resolves the pending objections.

**II.     Law and Analysis**

Bortner first contends that the magistrate judge erred in his conclusion that there was no government action related to the seizure of the video tapes. The Court finds no merit in this objection.

In support of his objection, Bortner relies upon the police reports generated in his criminal proceedings. Those reports indicate that Bortner's ex-wife ("the victim") found video tapes behind his house on a day that she was attempting to enter the home to retrieve food. The victim then viewed the tapes in their entirety. "The victim stated that she discovered that the tapes contained images of her anatomy and [Bortner] touching her with his fingers." Doc. 6-1 at 86. The police reports indicate that the victim took the video tapes to her attorney. The attorney then contacted the police. It was only after the attorney contacted police that officers sought the video tapes from the victim.

2

In his objection, Bortner contends that the private search doctrine is inapplicable because government officials were involved in the seizure because they contacted the victim's attorney and informed him that the police needed the tapes.  Bortner concludes that this act was sufficient to find government activity.  Bortner's argument suffers from significant legal flaws.

For purposes of the Fourth Amendment, "[a] 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). "The Fourth Amendment is 'wholly inapplicable [ ]to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of an governmental official.'" *United States v. Williams*, 354 F.3d 497, 509 (6th Cir. 2003) (quoting *Jacobsen*, 466 U.S. at 114-15). Additionally, a private search may be constitutionally followed by a government search under certain circumstances. *Williams*, 354 F.3d at 509. "'[A]dditional invasions of ... privacy by [a] government agent [following on the heels of a private search] must be tested by the degree to which they exceeded the scope of the private search.'" *Id.* (quoting *Jacobsen*, 466 U.S. at 115) (alterations sic). "Thus, the [g]overnment may not exceed the scope of the private search unless it has an independent right to search." *Williams*, 354 F.3d at 509. However, the government's confirmation of prior knowledge learned by the private individuals does not constitute exceeding the scope of a private search.  *United States v. Richards*, 301 Fed. Appx. 480, 483 (6th Cir. 2008) (citing *United States v. Runyan*, 275 F.3d 449, 463 (5th Cir.2001)).  If officers examine objects or containers that the private parties did not examine, the officers have exceeded the scope of the private search. *Runyan*, 275 F.3d at 464.  The police do not exceed the scope of the private search, however, if they merely look at the same materials examined by the private parties. *Id.*

3

This is true because once the private party has viewed the materials, there no longer exists an expectation of privacy in those materials.  *Jacobsen*, 466 U.S. at 116-117.

It is undisputed that the victim seized and viewed the videotapes without any involvement of law enforcement or government officials.  To the extent that Bortner appears to argue that the tapes were "seized" from the victim, he is incorrect.  First, it is clear from the record that the victim willingly gave the tapes to law enforcement.  Thus, no seizure occurred.  Furthermore, even construing that event as a seizure, only the victim would have standing to challenge such a seizure.  At the time the tapes were turned over to police, Bortner no longer had an expectation of privacy in them because they had been viewed by the victim.  Accordingly, Bortner cannot challenge the alleged "seizure" that occurred when the victim voluntarily gave the tapes to the police.

To the extent that Bortner's objections can be read to challenge the application of the private search doctrine, those objections are not well taken.   The facts clearly demonstrate that the victim viewed the entirety of the video tapes.  Accordingly, government officials did nothing more than review the same materials that the victim had already viewed.  As such, Bortner can establish no Fourth Amendment violation.

Because Bortner cannot establish a Fourth Amendment violation, he cannot establish that his counsel was ineffective for failing to move to suppress the tapes.  Additionally, because his Fourth Amendment claim fails, Bortner's second ground for relief must fail.  Absent a Fourth Amendment violation, Bortner cannot demonstrate any fruits derived from an illegal search of seizure.

In his final objection, Bortner contends that the magistrate judge erred in concluding that

4

he had not satisfied his burden with respect to Ground Three in the petition.   The Court finds no merit in Bortner's final objection.

In his final ground for relief, Bortner contends that his trial counsel labored under an actual conflict of interest.  In support, Bortner asserts that his counsel concurrently represented the then-boyfriend of the victim in several unrelated criminal matters.   The Court finds no merit in Bortner's objections.

Bortner has a Sixth Amendment right to conflict-free representation by his counsel. *See Smith v. Anderson*, 689 F.2d 59, 62-63 (6th Cir. 1982).   For Bortner to establish a violation of this right, he must satisfy two components. First, he must show that his counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed [him] by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).   Second, he "must show that the deficient performance prejudiced the defense[,] ... [which] requires showing that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Id*.   To satisfy the above standard, Bortner may demonstrate that his counsel labored under an "actual conflict of interest." *See id.* at 692 (holding that proof of an actual conflict satisfies ineffectiveness prong, and creates a presumption of prejudice) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 348-50 (1980)). "An actual conflict ... is a conflict of interest that adversely affects counsel's performance." *Mickens v. Taylor*, 535 U.S. 162, 172 n.5 (2002).   Under *Sullivan*, if Bortner establishes that his counsel's divided loyalties affected his representation, then prejudice is presumed and need not be proven. *See Sullivan*, 446 U.S. at 348.  However, "[t]he existence of a conflict, on the one hand, and an allegation of ineffective assistance on the other, without more, are insufficient."   *Charette v. Bell*, 106 Fed. Appx. 327, 331

5

(6th Cir. 2004).

In the instant matter, it is debatable whether Bortner has established any conflict at all. From the record, it appears that Bortner's counsel represented the then-boyfriend of the victim in a completely unrelated matter.  Assuming for the sake of argument that these facts demonstrate a conflict, Bortner has wholly failed to demonstrate that the conflict adversely affected his counsel. The sole allegation that counsel erred relates to the failure to file a motion to suppress.  As noted above, there was no Fourth Amendment violation.  Accordingly, Bortner has failed to demonstrate that the alleged conflict adversely affected his representation in any manner. Bortner's objections to the Report, therefore, lack merit.

### III.    Conclusion

Bortner's objections are overruled.  The Report is adopted.  The petition is hereby DENIED.

Pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Petitioner may not take an appeal from the Court's decision in good faith and that there is no basis upon which to issue a certificate of appealability.   28 U.S.C. § 2253(c); Fed.R. App.P. 22(b).

IT IS SO ORDERED.


September 25, 2009              */s/ John R. Adams*
                                JUDGE JOHN R. ADAMS
                                UNITED STATES DISTRICT JUDGE

6